UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>BC BAYSTATE PLACE LLC,<br><br>Defendant. | Civil Action No. 26-30167-MGM |

MEMORANDUM AND ORDER
October 13, 2026

MASTROIANNI, U.S.D.J.

## I. INTRODUCTION

On October 8, 2026, *pro se* Plaintiff, Timothy Scott, filed a complaint (Dkt. No. 1), along with an Application to Proceed in District Court Without Prepaying Fees or Costs (colloquially referred to as a request for leave to proceed *in forma pauperis*) (Dkt. No. 2). Plaintiff identifies the defendant as BC Baystate Place LLC. (Dkt. No. 1 at ¶ I(B).) Plaintiff alleges violations of the Fourteenth Amendment and the Americans with Disabilities Act. (*Id.* at ¶ II(A).)

Plaintiff is a defendant in a summary process brought against him, his partner, and his son in the Massachusetts Housing Court (Western Division), *BC Baystate Place LLC v. Scott, et al., No. 26H79SP001503.*[1] Plaintiff alleges that the civil trial is scheduled for October 13, 2026, in the Western Housing Court, and that his partner, Sylvia Scott, is "too sick" to appear in court. (Dkt. No. 1 at ¶ III(A).) Plaintiff further alleges his partner provided a doctor's note to the trial court in support of a motion to postpone the trial, but to no avail. (*Id.*) Plaintiff seeks to enjoin the state

[1] The docket in the state court, of which the court may take judicial notice, *see Wiener v. MIB Grp., Inc.*, 86 F.4th 76, 81 n.3 (1st Cir. 2023), is available through https://www.masscourts.org (last visited Oct. 8, 2026).

housing court from proceeding with the trial, as scheduled, and to postpone the trial for 60 days. (*Id.* at ¶ IV.)

For the reasons set forth below, the court allows Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, but it ORDERS that this action be DISMISSED with prejudice.

## II. THE MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Upon review of Plaintiff's motion for leave to proceed *in forma pauperis*, the court concludes that he has shown he is unable to pay the $405 filing fee. The court will thus GRANT this motion.

## III. PRELIMINARY REVIEW

The court may consider jurisdictional matters *sua sponte*. *See Riley v. Bondi*, 606 U.S. 259, 273 (2025) ("A federal court must always satisfy itself that it has jurisdiction."). The court may also consider whether the *exercise* of its jurisdiction is appropriate when a related state proceeding is pending. *See Guillemard-Ginoria v. Contreras-Gomez*, 585 F.3d 508, 517-18 (1st Cir. 2009).

## IV. DISCUSSION

Plaintiff petitions this court to require the state housing court to stay its proceedings. This relief, however, is *exactly* the type of judicial action prohibited by the Anti-Injunction Act. *See* 28 U.S.C. § 2283.

The Anti-Injunction Act provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act "is a necessary concomitant of the [decision of the Framers of the Constitution] to authorize, and Congress' decision to implement, a dual system of federal and state courts." *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988)). The Anti-Injunction Act's "core message is one of respect for state courts," and it

"commands that those tribunals 'shall remain free from interference by federal courts.'" *Id.* (quoting *Atlantic Coast Line R. Co. v. Locomotive Eng'rs*, 398 U.S. 281, 282 (1970)). Because Plaintiff does not point to any special circumstances to satisfy the narrow exceptions articulated in the Anti-Injunction Act, this court cannot exercise its jurisdiction over this case.

## V. Conclusion

For the reasons set forth above, the court allows the Application to Proceed in District Court Without Prepaying Fees or Costs, (Dkt. No. 2), and ORDERS that this action be DISMISSED with prejudice. The CLERK is directed to CLOSE this case

It is So Ordered.

/s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge